**MORGAN, LEWIS & BOCKIUS LLP**
Thomas A. Linthorst (TL-3345)
Joseph A. Nuccio (JN-7610)
502 Carnegie Center
Princeton, New Jersey 08540
609.919.6642
609.919.6701 (facsimile)
tlinthorst@morganlewis.com
jnuccio@morganlewis.com
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
JOHN SHERWOOD,

   Plaintiff,

 -vs.-

JP MORGAN CHASE & CO., a/k/a
JP MORGAN CHASE BANK NA,

   Defendant.

-------------------------------------------------------------------x

Civil Action No. 10-cv-2203

**Document Electronically Filed**

**DEFENDANT JPMORGAN CHASE BANK, N.A.'s**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

  Defendant JPMorgan Chase Bank, N.A. (incorrectly sued as "JP Morgan Chase & Co. a/k/a JP Morgan Chase Bank NA" and hereafter "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint of Plaintiff John Sherwood ("Plaintiff") in the above-captioned matter by admitting, denying, and averring as follows:

**INTRODUCTION**

  1. Defendant admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA") and "New York Wage and Hour Regulations," and that this

action is not a class action.  Defendant denies any remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

2. Defendant admits that, according to its records, Plaintiff's last-known address is within the State of New York.  Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that it is a federally chartered national banking association and that it maintains offices in the State of New York.  Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

## VENUE & JURISDICTION

4. Defendant avers that the allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is required.

5. Defendant avers that the allegations contained in Paragraph 5 of the Complaint call for legal conclusions to which no response is required.

6. Defendant avers that the allegations contained in Paragraph 6 of the Complaint call for legal conclusions to which no response is required.

## BACKGROUND

7. Defendant admits that it is a national banking association.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that it employed Plaintiff as a Personal Banker until Plaintiff resigned in March 2009.  Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## CAUSES OF ACTION AND DEMAND FOR RELIEF

### COUNT ONE:  VIOLATION OF THE FAIR LABOR STANDARDS ACT

10. Paragraphs 1-9 above are incorporated by reference as if fully set forth herein.

11. Defendant avers that the allegations contained in Paragraph 11 of the Complaint call for legal conclusions to which no response is required.

12. Defendant avers that the allegations contained in Paragraph 12 of the Complaint call for legal conclusions to which no response is required.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

### COUNT TWO:  VIOLATION OF NEW YORK WAGE & HOUR LAW

14. Paragraphs 1-13 above are incorporated by reference as if fully set forth herein.

15. Defendant avers that the allegations contained in Paragraph 15 of the Complaint call for legal conclusions to which no response is required.

16. Defendant avers that the allegations contained in Paragraph 16 of the Complaint call for legal conclusions to which no response is required.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that either Plaintiff or any other individuals are entitled to any relief in this action.

### GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

## DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

3. Plaintiff is not entitled to overtime compensation because he was exempt from the overtime provisions of the Fair Labor Standards Act and/or New York law under one or more exemptions, or combination of exemptions, including but not limited to the administrative, professional, and/or combination exemptions.

4. Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

5. Plaintiff has not alleged sufficient facts to justify a collective action.

6. Plaintiff's claims are subject to mandatory arbitration.

7. New York's overtime regulation is invalid.

8. New York's overtime regulation is unconstitutional.

9. The Court lacks supplemental jurisdiction over Plaintiff's New York state law claim.

10. Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, estoppel, offset, and/or setoff.

11. Plaintiff's claims are barred in whole or in part by statutory or other exclusions, exceptions, or credits under the FLSA and/or New York law.

12. If Defendant's failure to pay overtime was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

13. Defendant's failure to pay Plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or the New York State Department of Labor.

14. If Defendant's failure to pay Plaintiff overtime was unlawful, although such is not admitted, none of Defendant's actions or omissions constitutes a willful violation of state or federal law.

15. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

16. Damages, if any, sustained by Plaintiff were solely and proximately caused by Plaintiff's own negligent, reckless, or intentional conduct.

17. Although Plaintiff is not similarly situated to other individuals, Defendant reserves the right to assert any of the above defenses as to any individual who files a consent to join in this action.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

**WHEREFORE**, Defendant demands judgment as follows:

A. Dismissing Plaintiff's Complaint in its entirety.

B. Granting Defendant its costs, disbursements, and attorneys' fees incurred in this action; and

C. Granting such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> MORGAN, LEWIS & BOCKIUS LLP
> Attorneys for Defendant
> JPMorgan Chase Bank, N.A.
>
> ___/s/ Joseph A. Nuccio_____
> Thomas A. Linthorst (TL-3345)
> Joseph A. Nuccio (JN-7610)
> Morgan, Lewis & Bockius LLP
> 502 Carnegie Center
> Princeton, New Jersey 08540
> 609.919.6642
> 609.919.6701 (facsimile)

Dated: July 9, 2010

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 9, 2010, Defendant's Answer and Separate Defenses to Plaintiff's Complaint was filed electronically.  Notice of the filing will be sent by email to Plaintiff by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

                                                            /s/  Joseph A. Nuccio